UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | File No. 22-cr-303 (ECT/DJF) |
| Plaintiff, | |
| v. | **ORDER ACCEPTING REPORT AND RECOMMENDATION** |
| Raphael Raymond Nunn, | |
| Defendant. | |

---

Defendant Raphael Raymond Nunn objects to an Order and Report and Recommendation issued by Magistrate Judge Dulce J. Foster. The Order denied Nunn's motion to sever counts 1 and 2 from the indictment. The Report and Recommendation would, if accepted, deny Nunn's motion to suppress statements. Both the Order and Report and Recommendation will be reviewed *de novo*. *See* 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b)(3).[1]

I

Begin with Nunn's objection to the Order denying his motion to sever counts 1 and 2 of the indictment from counts 3 through 6. The indictment's six charged offenses relate

---

[1] There is some uncertainty regarding whether a severance motion is nondispositive or dispositive. *United States v. Jama*, No. 21-cr-31 (ADM/KMM), 2021 WL 4520995 at *3 (D. Minn. Oct. 4, 2021) (collecting cases). If nondispositive, an order deciding a severance motion would be subject to review under the "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A). If dispositive, the report and recommendation on the motion would be subject to *de novo* review. Here, to eliminate the issue, and because the result is the same regardless of the standard of review, the Order denying Nunn's severance motion will be reviewed *de novo*.

to three incidents. Counts 1 (kidnapping) and 2 (carjacking) arise from an incident on September 13, 2022, when Nunn allegedly abducted a woman identified as "S.E.," taking her vehicle "by force and violence and by intimidation" and using an ATM in the process. Indictment [ECF No. 14] at 1–2. Counts 3 (bank fraud) and 5 (aggravated identity theft) derive from an incident on August 9, 2022, in which Nunn allegedly stole a victim's wallet containing her debit card, then used the debit card for various purchases. *Id.* at 2–4. Counts 4 (bank fraud) and 6 (aggravated identity theft) arise from an incident on January 8, 2022, during which Nunn allegedly robbed a victim of her purse containing her debit and credit cards, and then used the cards to make various purchases. *Id.*

"The indictment . . . may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). "The propriety of joinder is . . . determined from the face of the indictment." *United States v. Reichel*, 911 F.3d 910, 915 (8th Cir. 2018) (alteration in original) (citation omitted). Rule 8(a) is "to be liberally construed in favor of joinder." *United States v. Ruiz*, 412 F.3d 871, 886 (8th Cir. 2005).

Magistrate Judge Foster determined that the counts were properly joined because the indictment "adequately alleges a common plan or scheme across all counts of 'stealing money and robbing others' payment cards and using them under false pretenses,'" and the offenses charged are of a similar character as they all involve Nunn's theft and unlawful use of victims' bank or credit cards, and all took place within a roughly nine-month period. ECF No. 52 at 6–8.

Nunn argues that the theft of bank or credit cards alone is not enough to allege a common scheme or plan and that the nine months between the incidents charged in counts 4 and 6 and counts 1 and 2 is too long to show a common scheme or plan, but these arguments are not persuasive.  The charged crimes' elements need not be identical; it is enough that they are similar.  *United States v. Tyndall*, 263 F.3d 848, 849–50 (8th Cir. 2001) ("Rule 8(a) allows joinder not only of crimes of the 'same' character but also those of a 'similar' character, which means '[n]early corresponding; resembling in many respects; somewhat alike; having a general likeness.'").  And Magistrate Judge Foster correctly noted that the incident underlying counts 1 and 2 represents an escalation of the conduct described in counts 3 through 6—namely, unlawfully taking others' payment cards and using them under false pretenses.  A nine-month period is not remote with regard to joinder of offenses.  *See, e.g., United States v. Garrett*, 648 F.3d 618, 625 (8th Cir. 2011) ("The offenses, occurring approximately fifteen months apart, took place over a relatively short period of time.").

Magistrate Judge Foster also determined that severance under Rule 14 is not appropriate because admissible evidence among the counts likely overlaps and because Nunn is not prejudiced by the joinder.  "If the joinder of offenses . . . in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."  Fed. R. Crim. P. 14(a).  "To grant a motion for severance, the necessary prejudice must be 'severe or compelling.'"  *United States v. Pherigo*, 327 F.3d 690, 693 (8th Cir. 2003).  "Prejudice is severe where the jury is incapable of compartmentalizing the

3

evidence." *United States v. Peterson*, No. 15-cr-165(35) (JRT/LIB), 2016 WL 1626848, at *5 (D. Minn. Apr. 25, 2016) (citing *United States v. Frank*, 354 F.3d 910, 920 (8th Cir. 2004)). "Courts consider the complexity of the case and the adequacy of admonitions and instructions of the trial judge when determining the jury's ability to compartmentalize the evidence." *Id.* (citing *Pherigo*, 327 F.3d at 693). "When the risk of prejudice is high, a district court is more likely to determine that separate trials are necessary, but . . . less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

Nunn argues that, if the counts are tried together, the jury will be presented with improper character or propensity evidence, and he will be unfairly prejudiced as a result. Nunn also questions the adequacy of the Eighth Circuit Model Jury Instructions "to overcome a juror's natural tendency to consider all six counts as propensity evidence." Def.'s Obj. [ECF No. 53] at 9. Magistrate Judge Foster correctly found that evidence regarding counts 3 through 6 likely would be admissible in a trial on counts 1 and 2 for identification purposes. *See* Fed. R. Evid. 404(b)(2). Moreover, Nunn's identification in connection with the bank fraud counts originated from the investigation into the kidnapping and carjacking incident. This case, which involves three incidents and one defendant, is not overly complex. Appropriate jury instructions will suffice to cure any risk of prejudice.

II

Magistrate Judge Foster correctly determined that Nunn's statement, "I should get a lawyer, dude[,]" was not an unequivocal assertion of his right to an attorney. In *United States v. Mohr*, the Eighth Circuit held that a defendant's "statement 'I think I should get

4

[a lawyer]' was not an unequivocal invocation of his right to counsel." 772 F.3d 1143, 1145–46 (8th Cir. 2014) (citing *Davis v. United States*, 512 U.S. 452, 461–62 (1994)). The statement at issue in *Mohr* is nearly identical to Nunn's statement here. Further, Nunn gave the investigators nearly no time at all to respond before continuing his explanation of how he ended up with C.L.'s cards, unprovoked. ECF No. 44, Ex. 2 at 12:20–12:55; *see Edwards v. Arizona*, 451 U.S. 477, 484–85 (1981) ("[A]n accused, . . . having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police.").

Nunn also argues that officers should have clarified whether he wanted an attorney (or not). As Nunn acknowledges, however, in *Davis v. United States* the Supreme Court "decline[d] to adopt a rule requiring officers to ask clarifying questions" regarding whether or not an individual actually wants an attorney. *Davis*, 512 U.S. at 461–62. In his briefing, Nunn "recognizes that this Court must follow precedent from the Eighth Circuit and the Supreme Court," but nevertheless urges that "stop and clarify" be adopted as the standard, and explicitly notes that he is preserving this issue for a later appeal. Def.'s Obj. at 4–5. Nunn's candor on this issue is appreciated, but his objection will be overruled.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. Defendant Raphael Raymond Nunn's Objections to the Order and Report and Recommendation [ECF No. 53] are **OVERRULED**.

2. The Report and Recommendation [ECF No. 52] is **ACCEPTED** in full.

3. Defendant Raphael Raymond Nunn's Motion to Suppress Statements [ECF No. 39] is **DENIED**.

4. Magistrate Judge Foster's denial [ECF No. 51] of Defendant Raphael Raymond Nunn's Motion to Sever Counts I and II is **AFFIRMED**.

Date: July 5, 2023
s/ Eric C. Tostrud
Eric C. Tostrud
United States District Court