UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | File No. 22-cr-303 (ECT/DJF) |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Raphael Raymond Nunn, | |
| Defendant. | |

Defendant Raphael Raymond Nunn has been indicted on one charge of kidnapping in violation of 18 U.S.C. § 1201(a)(1), two counts of bank fraud in violation of 18 U.S.C. § 1344, and two counts of aggravated identity theft in violation of 18 U.S.C. § 1208A(a)(1). Superseding Indictment [ECF No. 77]. The case is scheduled for trial beginning Monday, May 20, 2024. In anticipation of trial, the Government and Mr. Nunn have filed several motions in limine. The Government filed eleven motions, *see* ECF Nos. 89, 90, 93 & 106, and Mr. Nunn also filed eleven, *see* ECF Nos. 98, 113–16.

A pretrial conference was held on May 17, 2024, at which the Government's motions 1 through 7 and Defendant's motions 2, 5, 6, and 7 were resolved, and the Government's motion no. 8 and Defendant's motions 3 and 11 [ECF No. 116] were left open pending presentation of evidence at trial. *See* ECF No. 124. This Opinion and Order addresses the remaining motions: Government's motions 9, 10, and 11, and Defendant's corresponding motions 1, 4, 9 [ECF No. 114], and 10 [ECF No. 115].

*Government's Motion No. 9*

*Defendant's Motions Nos. 1, 4*

These motions concern Mr. Nunn's prior convictions in *State of Colorado v. Ralph Raymond Nunn, aka Raphael Raymond Nunn*, Case No. 01-CR-4599 (2nd Jud. Dist. Nov. 28, 2001).[1] Mr. Nunn was convicted on April 1, 2003, of forty-two counts of theft, forgery, and criminal impersonation, ECF No. 107 at 1–2, and was released to parole on March 11, 2021. Should Mr. Nunn elect to testify, the Government seeks permission to impeach him with the convictions under Federal Rule of Evidence 609. ECF No. 90. Mr. Nunn moves to preclude testimony or comment on his criminal history (motion no. 1) and asks for an order "limiting the extent and amount of evidence allowed as impeachment, should Mr. Nunn[] choose to testify," (motion no. 4), citing Federal Rules of Evidence 609(a)(2), 401, 403, and 404(a). ECF No. 98.

Rule 609(a)(2) instructs that evidence of a witness's criminal conviction "for any crime regardless of the punishment . . . must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." Both forgery and criminal impersonation include intent to defraud among their elements, and, as such, are properly considered crimes involving dishonesty. But theft is not inherently a crime of dishonesty. "We do not characterize theft as 'a crime involving "dishonesty or false statement" within the meaning of Rule 609

---

[1] The Government presented the date as November 18, 2022. ECF No. 90 at 1. But the indictment is dated November 28, 2001, ECF No. 107 at 6, and Mr. Nunn was convicted on April 1, 2003, *id.* at 5.

(a)(2).'" *United States v. Smart*, 60 F.4th 1084, 1092 (8th Cir. 2023) (quoting *United States v. Yeo*, 739 F.2d 385, 387 (8th Cir. 1984)), *cert. denied*, 144 S. Ct. 176 (2023).

The Government provided Mr. Nunn's Colorado state court indictment to show that the nature of the theft offenses for which Mr. Nunn was convicted involved dishonesty. *See* ECF No. 107. The Court has reviewed each of the thirteen theft counts of which Mr. Nunn was convicted, and none contains information that would permit a finding that "the elements of the crime required proving . . . a dishonest act or false statement." Fed. R. Evid. 609(a)(2). Each count charges Mr. Nunn with unlawfully obtaining money "without authorization, *or* by threat *or* deception." *See, e.g.*, ECF No. 107 at 17 (emphasis added). While deception is *mentioned* in each count, the use of the disjunctive "or" twice within those charges does not permit the Court to "readily determine" the Colorado theft convictions constitute crimes involving dishonesty. Fed R. Evid. 609(a)(2). Therefore, the Government's motion no. 9 and Defendant's motions nos. 1 and 4 will each be granted in part and denied in part. Should Mr. Nunn choose to testify, the Government may impeach him with the prior forgery and criminal impersonation convictions. The Government may not use the theft convictions to impeach Mr. Nunn.

*Government's Motion No. 10*

*Defendant's Motion No. 10 (ECF No. 115)*

The Government seeks to preclude Mr. Nunn from presenting evidence and advancing arguments that an identified alternative perpetrator committed the crimes charged in the Superseding Indictment. Mr. Nunn did not file an opposition to this motion, but filed a motion in limine "in support of admitting evidence of the arrests of [Leon] Lasley and

3

[Jerrill] Lee," ECF No. 115, which the Court understands as a response to the Government's motion no. 10.

"The accused may introduce any legal evidence tending to prove that another person may have committed the crime with which the defendant is charged. Such evidence may be excluded where it does not sufficiently connect the other person to the crime, as, for example, where the evidence is speculative or remote, or does not tend to prove or disprove a material fact in issue at the defendant's trial." *Holmes v. South Carolina*, 547 U.S. 319, 327 (2006) (quoting 40A Am. Jur. 2d, Homicide § 286, at 136–38 (1999)) (cleaned up).

During the investigation into the crimes charged here, two other suspects were arrested. (1) Jerrill Lee was arrested in connection with the kidnapping alleged in Count 1 of the Superseding Indictment. On September 16, 2022, Ramsey County Sheriff's Office Detective Joseph Kill received a phone call from the manager of Cedar Food and Grill stating a male matching the kidnapping suspect's description was in the store. ECF No. 93 at 2. Officers arrived and arrested Mr. Lee. *Id.* Mr. Lee was questioned (after waiving his *Miranda* rights) and was released after investigators realized he was not the kidnapping suspect. *Id.* The Government seeks to preclude an alternative-perpetrator defense as to Mr. Lee on Rule 403 grounds: it argues that because Mr. Nunn cannot show a nexus between Mr. Lee and the crime committed, and any probative value of the evidence is outweighed by the risk of jury confusion. *Id.* at 7. Mr. Nunn correctly and appropriately acknowledged at the pretrial conference that the Government's position is "fair" and the argument for introducing evidence pertaining to Mr. Lee is "harder" (than that of Mr. Lasley). The better answer on these facts is that Mr. Nunn lacks non-speculative evidence connecting Mr. Lee to

4

the kidnapping offense charged against Mr. Nunn. The Government's motion no. 10 will be granted as to Mr. Lee, and Mr. Nunn's motion no. 10 will be denied as to Mr. Lee.

(2) Leon Lasley was positively identified by two law enforcement agencies as the person in an Oak Park Heights police crime alert in connection with the investigation of the crimes associated with victim J.T. (Counts 2 through 5 of the Superseding Indictment). ECF No. 93 at 2. In August 2022, Oak Park Heights police prepared a sworn complaint charging Mr. Lasley with felony offenses of financial transaction card fraud and theft, and Mr. Lasley was arrested on the charges. ECF No. 115 at 1; *see* ECF No. 93 at 3. Oak Park Heights Officer Brian Zwach said "with certainty" that "the male in the CCTV footage" was Mr. Lasley. ECF No. 115 at 1. Oak Park Heights closed its investigation following the identification of Mr. Lasley. ECF No. 104 at 7. Over a month later, in late September 2022, after Mr. Nunn was arrested and admitted in *Mirandized* interviews to both being in the store and using stolen cards, Mr. Lasley's warrant was quashed. ECF No. 93 at 4–5. Here, unlike with Mr. Lee, the evidence is not speculative or remote: officers had probable cause, based on witness identification and their own investigations, to submit a sworn complaint against Mr. Lasley and issue an arrest warrant for him. Because the evidence is relevant, non-speculative, and is unlikely to cause confusion to the jury, the Government's motion no. 10 will be denied as to Mr. Lasley and Mr. Nunn's motion no. 10 will be granted as to Mr. Lasley.

*Government's Motion No. 11*

*Defendant's Motion No. 9 (ECF No. 114)*

The Government seeks an order allowing evidence of Mr. Nunn's 2003 convictions (*State of Colorado v. Ralph Raymond Nunn*, Case No. 01-CR-4599) to show identity, intent, knowledge, and absence of mistake pursuant to Federal Rule of Evidence 404(b).  The Government's motion appears limited to Counts 2 through 5 of the Superseding Indictment, which charge Mr. Nunn with bank fraud and aggravated identity theft.  ECF No. 106 at 5; *see* Superseding Indictment at 2–4.  Mr. Nunn did not file an opposition to this motion, but filed a motion in limine for an order precluding unfair propensity evidence, ECF No. 114, which the Court understands as a response to the Government's motion.

"Rule 404(b)(1) prohibits use of a defendant's prior act to prove his character in order to show that on a particular occasion he acted in accordance with the character." *United States v. Bartunek*, 969 F.3d 860, 862 (8th Cir. 2020); *see* Fed. R. Evid. 404(b)(1).  But the "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).  The Eighth Circuit has held that if the evidence is "(1) relevant to a material issue, (2) similar in kind and not overly remote in time to the crime charged, (3) supported by sufficient evidence to support a jury finding that the defendant committed the prior act, and (4) of probative value not substantially outweighed by its prejudicial effect," it may be admitted under 404(b)(2). *United States v. Proto*, 91 F.4th 929, 932 (8th Cir. 2024).  The *Proto* court noted the district court's issuance of a limiting instruction as part of its analysis.  *Id.*

(1) The Government seeks to offer evidence of the prior conviction "to show identity, intent, knowledge, and absence of mistake pursuant to Fed R. Evid. 404(b)." ECF No. 106 at 1. By pleading not guilty, a defendant "place[s] every element of the charges brought against him at issue." *United States v. Johnson*, 860 F.3d 1133, 1142 (8th Cir. 2017). Though identity may be an issue at trial, the Government need not prove identity through a prior conviction. In fact, the Government intends to enter Mr. Nunn's own statement identifying himself as the person using J.T.'s credit cards into evidence.

(2) Mr. Nunn's prior convictions are perhaps similar in kind, but are not close in time to the crimes charged. Here, Mr. Nunn is alleged to have stolen a wallet and purse containing debit and credit cards, and used them as his own, Superseding Indictment at 3, and unlawfully used means of identifications (the names and cards of the victims), *id.* at 4. In Colorado, Mr. Nunn was convicted of theft, forgery, and criminal impersonation after he obtained identification cards and fraudulently used the cards to cash counterfeit or forged checks. ECF No. 107 at 14–36. The crimes clearly bear some similarities.

But they are remote in time. Though "there is no fixed period within which the prior acts must have occurred," *United States v. Baker*, 82 F.3d 273, 276 (8th Cir. 1996), the Eighth Circuit has "generally been reluctant to uphold the introduction of evidence relating to acts or crimes which occurred more than thirteen years prior to the conduct challenged." *United States v. Halk*, 634 F.3d 482, 487 (8th Cir. 2011). The conduct for which Mr. Nunn was convicted in Colorado occurred in 2001. *See* ECF No. 107 at 14–36. The conduct at issue in this case allegedly occurred in 2022, *see* Superseding Indictment at 1–4, a difference of twenty-one years. The Government offers a list of cases where crimes or other acts

7

occurring twelve, fifteen, even nineteen years were admitted under Rule 404, but offers no support for a difference of more than twenty years. At the pretrial conference, the Government argued that because Mr. Nunn was released on parole for those convictions in 2021, only three years have elapsed and therefore there is no remoteness issue. But I do not understand the relevant date to be the date of the defendant's release from custody. Instead, the date on which the act occurred is the relevant one. *See Baker*, 82 F.3d at 276 ("there is no fixed period within which the prior acts must have *occurred*"); *Halk*, 634 F.3d at 487 (". . . evidence relating to acts or crimes *which occurred* more than thirteen years prior . . ."); *Johnson*, 860 F.3d at 1142 ("We have allowed admission under Rule 404(b) for acts *committed* up to thirteen years before the crime charged."). The acts "occurred" or "were committed" in 2001, over twenty years before the acts alleged to have occurred in this case. The Colorado conviction is too remote in time to be relevant in this case.

(3) The acts are supported by sufficient evidence. Mr. Nunn was convicted of the acts by a jury in Colorado. *See* ECF No. 107.

(4) Finally, and importantly, the probative value of Mr. Nunn's prior conviction is not substantially outweighed by its prejudicial effect. The probative value of evidence of prior conviction is low. The Government, as I understand it, seeks only to admit the *fact* of the prior convictions, not the *underlying facts* leading to the convictions. In other words, the Government wants to introduce a statement or exhibit informing the jury that Mr. Nunn has been convicted of these crimes. The mere fact that Mr. Nunn has been convicted does not prove motive, opportunity, intent, absence of mistake, or anything else.

By contrast, its prejudicial effect is significant. The Government proposes the prior conviction is "directly relevant" to Mr. Nunn's "established practice of fraudulently obtaining identification cards and steal money that does not belong to him." ECF No. 106 at 4. At the pretrial conference, the Government clarified that it was not seeking to introduce character evidence, and instead was seeking to introduce a "modus operandi." But Mr. Nunn's point at the conference is well taken: the crimes of which Mr. Nunn was convicted in Colorado were not carried out in a particular fashion that bears substantially on his identity or intent.

Because the conviction is remote in time and any probative value of the evidence of Mr. Nunn's prior conviction would be outweighed by its prejudicial effect, the evidence will be precluded. The Government's motion in limine no. 11 will be denied and Defendant's motion in limine no. 9 [ECF No. 114] will be granted.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED** that:

1. The Government's Motion No. 9 [ECF No. 90], Defendant's Motion No. 1 [ECF No. 98] and Defendant's Motion No. 4 [ECF No. 98] are **GRANTED in part** and **DENIED in part**.

2. The Government's Motion No. 10 [ECF No. 93] is **GRANTED in part and DENIED in part** and Defendant's Motion No. 10 [ECF No. 115] is **GRANTED in part and DENIED in part**.

3. The Government's Motion No. 11 [ECF No. 106] is **DENIED** and Defendant's Motion No. 9 [ECF No. 114] is **GRANTED**.

Dated: May 17, 2024                                     s/ Eric C. Tostrud
                                                                Eric C. Tostrud
                                                                United States District Court